[S. F. No. 10638. In Bank.—September 14, 1923.]

## C. E. ARCHER, Petitioner, v. H. B. MILLER, Respondent.

[1] APPEAL—SUPERSEDEAS—ACTION TO QUIET TITLE—JUDGMENT FOR SPECIFIC PERFORMANCE OF CONTRACT TO SELL.—In an action to quiet title to real property, in which the defendant set up a lease containing an option in his favor to purchase the property, and a judgment in defendant's favor directed the execution of a deed by the plaintiff and the delivery of possession of the property upon the payment of the purchase price found due, section 945 of the Code of Civil Procedure is applicable; and the plaintiff would be required to file a stay bond to stay execution of the judgment in favor of the defendant pending appeal by plaintiff, if the defendant had made payment of the purchase price or kept good a sufficient tender thereof, but where he has failed to do so, a writ of *supersedeas* will issue staying execution.

APPLICATION for a Writ of Supersedeas to stay execution of a judgment in an action to quiet title. Writ granted.

The facts are stated in the opinion of the court.

O'Melveny, Stevens, Tuller & Millikin for Petitioner.

Seward A. Simons and Scarborough & Bradner for Respondent.

LENNON, J.—This is an application for a writ of *supersedeas* to stay the enforcement of a judgment rendered by the superior court, in and for the county of Los Angeles, during the pendency of an appeal from the judgment. Suit was brought by appellant, plaintiff in the court below, to quiet plaintiff's title to a certain parcel of land consisting of forty acres. The complaint is in the usual form

of a complaint in an action to quiet title, alleging title and possession in the plaintiff. The defendant answered and, while admitting plaintiff's possession, alleged that plaintiff's title was subject to an interest of defendant in the lands in suit resulting from a contract made and entered into between the plaintiff and the defendant.

The contract was in the form of a lease by the plaintiff to the defendant of the land for a term of ten years for a total rental of forty thousand dollars, payable in installments. The contract, in addition, gave the defendant the option of purchasing the land at any time during the term by paying the unpaid balance of the forty thousand dollars, together with the accrued interest. Certain conditions to be performed by defendant were also included in the contract. A dispute arose between the plaintiff and the defendant as to whether or not the admitted failure of the defendant to perform these conditions had been consented to by the plaintiff or was excused by reason of plaintiff's conduct. The plaintiff insisted that, the conditions not having been performed by the defendant, the contract was at an end.

The court below, upon a trial of the case, found that the contract was valid and subsisting and that the defendant was entitled, by reason of the conduct of the plaintiff, to be relieved from any forfeiture of his rights under the contract. It also found that defendant was entitled to a decree directing specific performance by requiring plaintiff to convey the land to the defendant upon the payment to him by the defendant of the sum of forty thousand dollars, plus certain taxes, within sixty days.

The judgment decreed that "upon the payment to said plaintiff within sixty days from the date hereof of the sum of Forty thousand Dollars, and taxes . . . , plaintiff execute and deliver to the defendant, H. B. Miller, a good and sufficient deed of conveyance of said property, free and clear of all encumbrances,'' and further ordered that ''if said plaintiff shall fail and refuse and neglect to make such conveyance, that the clerk of this court be, and he is hereby appointed commissioner to execute such deed, and that such transfer, when made by such clerk as such commissioner, shall operate as a transfer to defendant of said premises,'' but that ''in the event of failure of the defendant to pay to the plaintiff the sum of Forty thousand Dollars . . . within sixty days from the entry of the judgment herein, that the

said agreement hereinbefore referred to be cancelled and be of no effect . . . ''

Thereafter the plaintiff perfected an appeal to this court and in order to stay an execution of judgment duly executed and acknowledged a deed of grant of all of the real property described in the judgment and deposited the deed, together with written instructions to the clerk of the court, to await the judgment of the appellate court on such appeal. No stay bond was executed by plaintiff, for it is his contention that in order to stay execution of the judgment pending the determination. of the cause upon appeal, compliance with section 944 of the Code of Civil Procedure only is required.

This section provides that: ''If the judgment or order appealed from, direct the execution of a conveyance or other instrument, the execution of the judgment or order cannot be stayed by the appeal until the instrument is executed and deposited with the clerk with whom the judgment or order is entered, to abide the judgment of the appellate court.''

The defendant made two attempted tenders of payment of the moneys to be paid plaintiff, which plaintiff refused to accept.

The defendant thereupon demanded of the clerk of the court that he execute and deliver to defendant the deed conveying the said real property upon the theory that by virtue of section 945 of the Code of Civil Procedure a stay bond was required to stay the execution of the judgment. Section 945 of the Code of Civil Procedure provides that: ''If the judgment or order appealed from, direct the sale or delivery of possession of real property, the execution of the same cannot be stayed, unless a written undertaking be executed on the part of the appellant . . . to the effect that during the possession of such property by the appellant he will not commit, or suffer to be committed any waste thereon, and that if the judgment be affirmed, or the appeal dismissed, he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof, . . . ''

The clerk of the court signified his intention to execute the deed unless plaintiff immediately comply with section 945 of the Code of Civil Procedure. The plaintiff there-

upon made application to the court to fix a bond and the court made an order fixing the amount of the bond at fifty-five thousand dollars. No bond was given by plaintiff and application for *supersedeas* was made to this court to prevent the clerk from executing the deed.

[1] The language of the decree clearly directs the execution of the deed and the delivery of the possession of the property upon the payment of the money. Section 945 of the Code of Civil Procedure would, therefore, in our opinion, be applicable and plaintiff would be required to file a stay bond provided for in that section in order to stay execution of the judgment pending the determination of the appeal if the defendant had made payment of the purchase price or had made and kept good a sufficient tender. The defendant, in that event, would have become entitled to the property and to its use and occupation, and it would be an injustice to allow the plaintiff to retain possession of the property and, perhaps, dissipate it with no provision to protect the defendant's interest against such a possibility.

A mere tender of the purchase price is not, however, sufficient to entitle the defendant to a conveyance of the property and to the delivery of immediate possession. By the terms of the decree the execution and delivery of the deed is to be made *upon payment of the purchase price*. Payment may be made either to a creditor directly or by depositing the amount in a bank to his credit and giving notice thereof to the creditor. (Sec. 1500, Civ. Code.) It is fundamental that to be effective a tender must be kept good. Upon the refusal of the plaintiff to accept the purchase price the defendant could have deposited the money in a bank to the credit of the plaintiff and thus kept his tender good. Instead the defendant, claiming that he had a right to spread the payment of the purchase price over a long term of years, elected to take an appeal for the purpose of securing a determination that the forty thousand dollars is not and should not be declared due. This is entirely inconsistent with a continuance of the tender and by the taking of the appeal the defendant, in effect, elected to withdraw the tender.

It is clear that the defendant pending the appeal ought not to have the possession of the property and also the money, for the decree contemplates a simultaneous exchange

of the possession of the money and the possession of the property. The result of a refusal to issue the writ of *supersedeas* would be that the defendant in default of the filing of a stay bond by the plaintiff would secure the possession of the property during the appeal without having paid therefor. If the decree is subsequently reversed and it is held that the defendant has no right to the property, the defendant would have had the possession of the property during the appeal without even hazarding the payment of the forty thousand dollars or furnishing security to the plaintiff for the rents, issues, and profits derived by him from the property pending the appeal. Inasmuch as the defendant still retains the purchase price of the property he is not, under the decree, entitled to either a conveyance or a delivery of possession of the property. The plaintiff, as owner in fee, being entitled to its possession, cannot be required to put up a bond to cover its use and occupation or the commission of waste by him.

Plaintiff is, therefore, entitled to a *supersedeas* staying execution and preventing the clerk of the court from executing and delivering to the defendant a deed to the property in controversy.

Let the writ issue as prayed for.

Wilbur, C. J., Waste, J., Seawell, J., Kerrigan, J., and Lawlor, J., concurred.