[Civ. No. 4690. Second Appellate District, Division One.—June 26, 1924.]

JOHN LAPIQUE, Appellant, v. E. L. KELLEY et al., Respondents.

[1] QUIETING TITLE — JUDGMENT—APPEAL—SUPERSEDEAS.—Where the plaintiff in an action to quiet title, during the pendency of his appeal from the judgment entered against him and in favor of the cross-complainants, is deprived of possession of the premises in question by acts of parties proceeding independently of the court and without the aid of any process of the court, and if such acts constitute any wrong to plaintiff, his remedy may not be obtained through a writ of *supersedeas* in said action.

(1) 37 Cyc., p. 597.

APPLICATION for a Writ of Supersedeas prayed to be directed to the Superior Court of Orange County, in an action to quiet title. Z. B. West, Judge. Denied.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.*, for Appellant.

Bishop & Wellington for Respondents.

CONREY, P. J.—On application for writ of *supersedeas*. In this action to quiet title to certain real property, the court entered its decree against the plaintiff and at the same time

granted relief on a cross-complaint and thereby quieted title to said premises in favor of cross-complainant, "The Re-Organized Church of Jesus Christ of Latter Day Saints," a corporation. The plaintiff Lapique has appealed from the judgment and now applies for a writ of *supersedeas* to be directed to the respondents, and that certain of the respondents be required to surrender possession of the premises to the plaintiff and appellant. The petition shows by the facts alleged therein that, since the appeal was instituted, a certain "Farmer's Gun Club" has taken possession of the premises under a purported lease from one McGuire, which lease also was executed after this appeal was instituted. The decree in this action determined that said McGuire, sued personally, has no title or interest in said premises, but the court's findings state that he is the presiding bishop of said church.

Assuming that under a decree quieting title as provided in the terms of the decree in this case, the prevailing party might obtain possession through a writ of assistance or other process of the court; and further assuming that *supersedeas,* directed to the trial court, would be a proper remedy to prevent that court from issuing any such process and from thereby taking possession of the property from the appellant during the time while the appeal is pending; nevertheless it is clear upon the showing made by appellant himself in his petition that he stands in no danger of being deprived of possession through the issuance of any process of the court in aid of the respondents or either of them.

*Archer* v. *Miller,* 192 Cal. 67 [218 Pac. 410], much relied upon by petitioner, has no application to the situation presented in this case. In *Archer* v. *Miller* the court merely held that, for stated reasons, the clerk of the court below, as commissioner of the court to execute a deed under the terms of the decree, should not be permitted to execute and deliver such deed during the pendency of the appeal. On that ground the writ of *supersedeas* was granted. But in this present instance it is not threatened, nor do the circumstances indicate, that any attempt will be made to have anything done pursuant to the terms and provisions of the decree during the time of pendency of the appeal. [1] If, as he complains in his petition, appellant has been deprived of possession of the premises described in this action by acts of parties proceeding independently of the court and with-

out the aid of any process of the court, and if such acts constitute any wrong to appellant, his remedy may not be obtained through a writ of *supersedeas* in this action.

The petition is denied.

Houser, J., and Curtis, J., concurred.