## COLE v. COLE.

No. 6386.   Decided February 20, 1942.   (122 P. 2d 201.)

See 17 Am. Jur. 494; 26 R. C. L. 643; 27 C. J. S. Divorce, sec. 251.

*P. D. Clarke* and *Wesley G. Howell,* both of Salt Lake City, for appellant.

*J. A. Melville,* of Salt Lake City, for respondent.

MOFFAT, Chief Justice.

This is an appeal from an order of the Fifth Judicial District Court vacating and setting aside writs of execution and writs of garnishment obtained for the purpose of collecting the balance due under the terms of a decree of divorce entered on May 19, 1936, dissolving the marriage

between plaintiff and respondent, Winslow C. Cole, and defendant and appellant, Marguerite D. Cole. No question is raised as to the part of the decree affecting the marital relationship. The part of the judgment relating to the alimony and property settlement is involved.

The following findings of fact, inter alia, were made:

"7. That the value of the community property of plaintiff and defendant consists of a house and lot in Delta, Millard County, Utah, of the value of $1400.00; also 1500 shares of Plutus Mining stock of the value of $350.00 and household furniture of the value of $325.00. Total value of the community property, $2075.00.

"8. That the plaintiff borrowed from the defendant after said marriage and during the fall of 1930, $1950; and that the plaintiff has paid on said loan in 1933, $475.00, and on June 8, 1934, $500.00, and on August 1, 1935, another $500.00. That the defendant is entitled to interest on the money so borrowed at the rate of 8 per cent per annum. That there is now due and owing to the defendant from the plaintiff principal and interest on the money so borrowed amounting to $1323.00."

Among the conclusions of law were the following:

"That the plaintiff pay to the defendant the sum of $1037.50, being one-half the value of the community property, and the further sum of $1323, the unpaid amount of principal with accrued interest on the same that the plaintiff borrowed from the defendant.

"That on payment by the plaintiff to the defendant of the aggregate amount of said sums, to wit; a total of $2360.50, the title to all of the community property shall ipso facto become vested in the plaintiff, and if the record title to the same is not in plaintiff this court will enter a decree vesting the record title, as well as the equitable title, of all community property in the plaintiff."

The order relating to the alimony and property reads, in part:

"It is further ordered, adjudged and decreed that the plaintiff pay to the defendant the sum of $1037.50, being one-half of the value of the community property, and the further sum of $1323.00, the unpaid amount of the principal and the accrued interest on the same owing by the plaintiff to the defendant, and that upon payment by the plaintiff to the defendant of the aggregate amount of said sums, to wit; a total of $2360.50, the title to all of the community property

shall *ipso facto* vest in the plaintiff, this court will enter a decree vesting in the plaintiff the record title, as well as the equitable title, to all community property.

"It is further ordered, adjudged and decreed that the plaintiff pay to the clerk of this court for the use and benefit of the defendant as alimony and for her support and maintenance the sum of $60.00 per month for a period of one year commencing on June 1, 1936; or a total of $720.00; and after the expiration of one year, that is commencing June 1, 1937, the sum of $30.00 per month for one year, or until June 1, 1938; or a total of $360.00; unless the court otherwise order and direct; and all sums so paid to the clerk by the plaintiff for the use of the defendant shall be by said clerk transmitted and forwarded to her without delay."

The records of the County Clerk do not show that there has been any satisfaction of judgment entered. Winslow C. Cole delivered to the County Clerk personal checks in the following amounts to be delivered to Marguerite D. Cole:

| Date of Check | Total Amount of first check | Property & Note | Alimony | Date unpresented checks returned to County Clerk |
|---|---|---|---|---|
| June 25, 1936 | $1383.00 | $1323.00 | $ 60.00 | December 23, 1940 |
| August 4, 1936 | | | 120.00 | December 23, 1940 |
| October 26, 1936 | | | 60.00 | |
| December 14, 1936 | | | 120.00 | |
| January 25, 1937 | | | 120.00 | |
| March 1, 1937 | | | 120.00 | |
| May 25, 1937 | | | 120.00 | |
| July 31, 1937 | | | 60.00 | |
| September 14, 1937 | | | 60.00 | |
| November 22, 1937 | | | 60.00 | |
| December 4, 1937 | | | 30.00 | |
| January 19, 1938 | | | 30.00 | |
| January 19, 1938 | | 250.00 | | |
| February 19, 1938 | | | 30.00 | |
| March 25, 1938 | | | 30.00 | |
| April 14, 1938 | | | 30.00 | |
| May 25, 1938 | | | 30.00 | |
| June 13, 1938 | | 250.00 | | |
| August 16, 1938 | | 100.00 | | |
| September 16, 1938 | | 100.00 | | |

| December 6, 1938 ... | 100.00 | |
| February 16, 1939 .. | 237.50 | |
| | $2360.50 | $1080.00 |
| | —1323.00 | —180.00 |
| | $1037.50 | $ 900.00 |

Amounts returned to County Clerk without present-ment.

On December 23, 1940, Marguerite D. Cole obtained a writ of execution from the Clerk of the Court, and the Sheriff of Millard County, Utah, and garnisheed the Richfield Commercial & Savings Bank in aid of the execution. On January 13, 1941, Winslow C. Cole moved the court for an order vacating and setting aside the writs of execution and garnishments.

After the hearing on January 13, 1941, and prior to February 20, 1941, a cashier's check for the sum of $1,503 was deposited with the Clerk of the Court, which sum represented $1,323 balance on principal on the note and $180, back due alimony.

The only question involved in whether Marguerite D. Cole is entitled to interest upon the unpaid amount of the principal owing on the loan; to interest on the unpaid balance due on the property settlement account from the time of the decree until the respective dates of the instalment payments were paid; and to interest on the delinquent alimony payments from the time of their delinquency until their payment.

Winslow C. Cole alleges that his payment of the check in the amount of $1,383 for satisfaction of the amount owing Marguerite D. Cole on the loans made, plus accrued interest to the date of divorce and one instalment of the alimony payments, plus $120 as two alimony instalments to the County Clerk, which were forwarded to her counsel of record, tolls the accruing of interest. The testimony of Winslow C. Cole showed that he had not maintained his tender of the payments, even as offered, but that he had drawn

on his banking account so the checks would not have been honored unless a loan had been arranged for at the bank.

At the hearing on the motion Winslow C. Cole testified that the two checks had never been paid by the bank; that he had not had enough money in the bank at all times to pay the checks; and that on June 10, 1938, he wrote the following letter to Oscar W. Moyle, counsel for Marguerite D. Cole:

"Delta, Utah
"June 10, 1938

"Mr. Oscar W. Moyle
"Salt Lake City, Utah
"Dear Sir:

"In the matter of making final settlement with Marguerite D. Cole I expect to do this as soon as possible. I will probably have to make payments from month to month. She is in possession of some water stock and mining stock that should be placed with the county clerk or some one so that I could get it when final settlement is made. As to her personal belongings I will be very glad to send to her. If I do not hear otherwise soon I will send them to Payson.

"I am not sure what checks are out believe it is one issued two years ago. I am willing to make new check but it will have to be done in payments. *I do not have enough money in the bank to cover them.* It is pretty hard to hold money in a bank for two years waiting for checks to come in. I want to get my obligations settled as soon as possible and will make an extra effort to make payments as fast as she needs them but I do want all checks cashed as soon as they are issued.

"I have a few lambs that am selling now and will send a substantial payment very soon. (Italics added.)

"Yours truly,

"W. C. Cole."

Winslow C. Cole testified further that had the check been presented for payment it would have been honored even though no funds were in the bank to cover the check; that he occasionally had overdrafts and that he would then have to borrow to take care of the overdrafts; that he would have had to put up collateral to secure a loan to take care of the overdraft. It was shown that checks are not honored by the bank until Winslow C. Cole

has been contacted by the bank and a loan has been arranged. Winslow C. Cole excused performance upon the further ground that the mining stock and some irrigation stock had not been placed with the county clerk or some third person to guarantee delivery upon payment.

The irrigation stock was not mentioned in the findings of fact, the conclusions of law or the decree of divorce, so the decree could have no effect on the holding or ownership of the stock. The delivery of the mining stock prior to the payment was not required by the decree, which reads, in part:

"upon payment by the plaintiff to the defendant of the aggregate amount of said sums, to wit: a total of $2360.50, the title to all of the community property shall ipso facto vest in the plaintiff, and if the record title to the same or any part thereof is not in the plaintiff this court will enter a decree vesting in the plaintiff the record title, as well as the equitable title, to all community property."

This court stated, in the case of *Hirsh* v. *Ogden Furniture & Carpet Company*, 48 Utah 434, 160 P. 283, 286:

"The general rule no doubt is, that where a tender is made in a law case which, if accepted, is intended to operate as payment of the debt, the tender, if rejected, must, nevertheless, be kept good. Ordinarily that is done by bringing or depositing the money into court. The rule is based upon the reason that in case the tender is by check the check is not payment unless expressly accepted as such."

See *Le Vine* v. *Whitehouse*, 37 Utah 260, 109 P. 2, Ann. Cas. 1912C, 407; 26 R. C. L. 646; *Bissell* v. *Heyward*, 96 U. S. 580, 24 L. Ed. 678; *Archer* v. *Miller*, 192 Cal. 67, 218 P. 410.

On May 19, 1936, the decree granting Marguerite D. Cole the sum of $1,037.50, being one-half of the value of the community property was entered. The first payment, in the amount of $250, was not made until January 19, 1938. Subsequent payments were made as heretofore set forth. The amount having been fixed by decree of

the court, interest should be allowed from the date of the decree to the date the checks were delivered to the County Clerk, i. e. from May 19, 1936, to June 25, 1936; and from the date of the letter stating he did not have "enough money in the bank to cover them," i. e. June 10, 1938, until the date of the depositing of the cashier's check for the sum of $1,503 with the County Clerk.

In the case of *Myers* v. *Myers,* 62 Utah 90, 218 P. 123, 30 A. L. R. 74, this court held, in accordance with the majority of the states, that instalments of alimony become vested when they become due and the court has no power to modify the decree as to them. *Sistare* v. *Sistare,* 218 U. S. 1, 30 S. Ct. 682, 54 L. Ed. 905, 28 L. R. A., N. S., 1068, 20 Ann. Cas. 1061; *Adair* v. *Superior Court,* 44 Ariz. 139, 33 P. 2d 955, 94 A. L. R. 328; *Armstrong* v. *Armstrong,* 117 Ohio St. 558, 160 N. E. 34, 57 A. L. R. 1108.

The right to the instalment payment under the decree having vested upon the due date, interest at the legal rate should be allowed until the payment has been made.

Counsel for Winslow C. Cole contends that because there was no objection made to the tender there has been a waiver, under the provisions of Section 104-54-10, Revised Statutes of Utah, 1933, which reads:

"The person to whom a tender is made must, at the time, specify any objection he may have to the money, instrument or property, or he is deemed to have waived it; and, if the objection is to the amount of money, the terms of the instrument or the amount or kind of property, he must specify the amounts, terms or kind which he requires, or be precluded from objection afterwards."

As has heretofore been stated, the tender made is not good unless the tender is a continuing good tender. Winslow C. Cole did not show that he has suffered a loss because the check was not presented for payment within a reasonable time after its issue because he himself testified that he had used the money supporting

the check to his own benefit. Just when does not appear.

For the reasons stated, the order vacating and setting aside the writs of execution and writs of garnishment are set aside. The cause is reversed and remanded to the court to determine the amount due as interest (there being no dispute as to principal) and enter judgment accordingly.

Costs to appellant.

LARSON and PRATT, JJ., concur.

McDONOUGH, Justice (concurring in part).

The delivery by plaintiff and acceptance by defendant of the $1,383, and $120 checks in response to the court's decree does not, in my opinion, invoke the rule relative to keeping a tender good. Each check was accepted. Its receipt under the facts of this case constituted a conditional payment of the obligation, the condition being that it be paid upon presentation to the bank upon which it was drawn. Had the check been presented to the bank one year after its date and been paid, no attempt to cash it in the meantime having been made, the payee would not be entitled to interest for the year upon a showing that at some time in the interim the balance in the maker's account was less than the amount of the check.

"Payment by bill or check becomes absolute payment of the debt when the check is paid on presentation. On such payment of the check, the debt is deemed to have been discharged from the time the check was given." 21 R. C. L. 70, Sec. 69, and cases there cited; *Sardeson* v. *Menage*, 41 Minn. 314, 43 N. W. 66; *Tonnar* v. *Wade*, 153 Miss. 722, 121 So. 156.

In the case here the check was never presented for payment. The maker of the check testified that had it been presented at any time before trial it would have been paid. Admitting that at times between the date of the check and the date of trial, he had overdrawn his account, he testified that he had made arrangements with the bank to take care of them. No other witness testified as to such matter.

His evidence stands uncontradicted, unless the letter to Attorney Moyle, quoted in the opinion of Chief Justice MOFFAT, constitutes such contradiction. This letter was written in response to an inquiry by Mr. Moyle as to what checks were outstanding; as to whether he would be willing to make new checks in lieu of them; and as to whether he could make payment of the balance due on the community property settlement. It was not in answer to a demand for payment of the outstanding checks or an inquiry as to whether they would be paid if presented. True, plaintiff did state in such letter that if he made out new checks he would have to pay in installments since he did not then have sufficient money in the bank to cover the entire amount. I am, however, of the opinion that these statements are not such as to require the court to find that had the checks been presented for payment at that time or subsequently they would not have been honored by the bank. The trial court made a specific finding to the effect that at any time between the date of the checks and the date of trial the checks would have been paid by the bank upon presentation. Such finding is supported by plaintiff's testimony. I am, consequently, of the opinion that the judgment of the trial court, as it applies to interest on amount represented by the checks in question, should not be disturbed.

The case nevertheless should be remanded to the trial court with instructions to compute and allow interest on the amount represented by the value of one-half of the community property as indicated in the opinion of Mr. Chief Justice MOFFAT. Under the very limited partial victory of defendant, however, I think each party should stand his own costs.

WOLFE, Justice.

I concur in the views expressed by Mr. Justice McDONOUGH.