316 P.2d 262

Sarah LaRue Simonson Despain STRAND, Plaintiff-Appellant,

v.

James DeVerl DESPAIN, Defendant-Respondent.

No. 8577.

Supreme Court of Idaho.

Oct. 7, 1957.

Alvin Denman, Idaho Falls, for appellant.

Gee & Hargraves, Pocatello, for respondent.

KEETON, Chief Justice.

The parties to this action were divorced in Franklin County May 17, 1944. Custody of a female child, born July 18, 1940, was awarded to plaintiff, appellant. The decree contains a provision requiring respondent husband to pay $20 per week "for the support of the plaintiff and said child."

In a supplemental proceeding plaintiff sought to have determined what portion of the $20 per week is alimony and what portion is for the support of the minor child, and claimed a balance due on the decree entered in the divorce proceeding of $10,260. On issues joined the court determined that the $20 per week should be divided equally between plaintiff and said minor child and entered an order that there was due $10 per week from February 1949 to March 10, 1953, less the sum of $200 paid.

The order so made was appealed to this Court and under date of July 5, 1956, this Court reversed the trial judge and remanded the cause to the district court to determine the date of the birth of the daughter, which the transcript did not show, the amount due and unpaid under the decree originally made in May 1944, by determining the amount of the support at the rate of $20 per week from the date of the decree to the date of plaintiff's first remarriage, with payments made thereon, and thereafter "to provide for the payment to plaintiff by the defendant of the sum of $10 per week payable monthly for the support of said child, * * *" from the date of plaintiff's first remarriage. The opinion is reported in Despain v. Despain, 78 Idaho 185, 300 P.2d 500.

Pursuant to the mandate of this Court further proceedings were had. The trial court determined the date of the birth of the child and found that plaintiff remarried in December 1944, and that there was then due 32 weeks at $20 a week or a total of $640, and from January 1944 to the date of the decree, April 3, 1957, 634 weeks at $10 per week, or a total of $6,340; found that there had been paid $1,675, leaving a balance of $5,305, with interest at 6% subsequent to the 20th of September, 1955, on the sum of $4,845, plus interest accrued of $38.50, leaving unpaid $5,779.62. From the order so entered plaintiff prosecutes this appeal.

In assignments of error appellant contends the trial court erred in determining the date of plaintiff's first remarriage as December 1944; further that her remarriage did not occur until January 1946, and thusly claims that $20 per week should be paid from May 17, 1944, to January 1946, and thereafter $10 per week for the support of the child; also that the trial court should have added interest at 6% per annum on

each installment as the same became delinquent.

We are of the opinion that while no ceremonial marriage occurred in December 1944, the facts proved are sufficient to establish a common law marriage as of that time. Appellant on and prior to that time, thereafter, introduced one Wing in her home and elsewhere as her husband and in her testimony established that they lived together as man and wife. The evidence by strong inferential and direct testimony established an assumption of marital duties and obligations. A common law marriage does not require a formal ceremony. Mauldin v. Sunshine Mining Co., 61 Idaho 9, 97 P.2d 608; 35 Am.Jur. 198, Sec. 28.

By the provisions of Sec. 27–1904, I.C., subd. 4, interest is allowable for money due on an unpaid judgment entered by any court of competent jurisdiction. Brown v. Brown, 66 Idaho 625, 165 P.2d 886, syl. 2. All money judgments bear interest at the rate provided by law. Bashor v. Beloit, 20 Idaho 592, 119 P. 55, syl. 10.

In Howard v. Howard, 142 Cal.App.2d 222, 298 P.2d 48, the court held:

"It is elementary that where one party deprives another of money which is rightfully theirs pursuant to court order, it bears * * * interest from the date due."

We therefore conclude that under our statutes and decisions plaintiff is entitled to interest at 6% per annum on defaulted payments.

From the date of the decree, May 17, 1944, to the time of plaintiff's marriage in December 1944, there was due 32 weeks at $20 per week, or a total of $640.

From the date of plaintiff's remarriage in December 1944 to the date of the order entered in the present proceeding, April 3, 1957, there elapsed 634 weeks. The total principal payment which accrued during this time amounts to $6,340.

From the date of the divorce to the time of the hearing in this proceeding, April 3, 1957, there had been paid on the original decree for alimony and child support, the sum of $1,675, leaving a principal balance unpaid of $5,305. To this sum should be added interest at 6% per annum on defaulted payments.

In an exhibit placed in evidence by plaintiff, not disputed by defendant, an expert mathematician figured the interest that had accured on defaulted payments in the sum of $2,454.88. In making this calculation the witness fixed the remarriage of plaintiff as January 9, 1946, and calculated payments that should have been made of $20 per week after the divorce to that date.

As plaintiff was married in December 1944, there should be deducted from the total sum of $8,299.88 so calculated by

said witness, the principal sum of $540 and interest of $117.22, leaving a total balance unpaid of both principal and interest as of the date of the order of $7,642.66.

The child was born July 18, 1940, and the sum of $10 per week for child support will terminate July 18, 1958.

The trial court will modify the order entered in accordance with this opinion and as so modified the order is affirmed. Costs to appellant.

PORTER, TAYLOR and SMITH, JJ., and BAKER, District Judge, concur.

McQUADE, J., not participating.