370 P.2d 358

Florence McKAY, Plaintiff and Appellant,

v.

Earl McKAY, Defendant and Respondent.

No. 9555.

Supreme Court of Utah.

April 17, 1962.

9. Secs. 41–11–42 and 41–11–76, U.C.A. 1953.

10. See Union Trust Co. v. Simmons, 116 Utah 442, 211 P.2d 190.

Robert B. Hansen, Salt Lake City, for appellant.

Earl McKay, pro se.

WADE, Chief Justice.

Florence McKay, appellant herein, sought to collect past due support money awarded for their minor child by bringing an order to show cause proceeding seeking to have her former husband, Earl McKay, respondent herein, adjudged in contempt of court for failure to make such payments in compliance with the divorce decree. She also sought a judgment for all such accrued payments and for attorney's fees.

The court granted judgment for only part of the accrued payments for which no interest was allowed, declined to find respondent in contempt of court and refused to grant attorney's fees. This appeal is from that judgment.

The record discloses that appellant was granted a divorce on Nov. 14, 1955, from respondent. The divorce decree provided for the payment by respondent of $50.00 per month for the support of the parties' minor child. In February, 1956, and again in July, 1956, appellant cited respondent into court on order to show cause proceedings in endeavors to collect past due support money payments. Since August 13, 1956, respondent paid only $185.00 for support money, the last payment being made in November, 1956. In March, 1958, respondent was sentenced and served three weeks for contempt of court for failure to make support money payments. No judgment for accrued payments was taken at that time. No further court efforts to collect accrued payments were taken until the present proceedings to show cause was commenced on July 21, 1961.

At the hearing of the instant order to show cause, respondent testified that he earned $16.78 a day as a scaler for a smelting company, and that he hadn't paid the support payments for his child because he had a lot of debts, and appellant had remarried, and was "supposed to be doing pretty good and so I just figured I could

have a life of my own and start at having one." He also testified that although he was paid on a Friday before the day of the hearing, which was on the next Monday, he had no money left.

The court concluded that because respondent was not hailed into court for three years since he served the sentence for contempt for failure to pay that this constituted laches, and therefore refused to grant a judgment for the amounts which had accrued prior to that time, and gave judgment only for the amounts which had accrued since March 10, 1958.

■ This was error. Appellant had brought three proceedings in attempts to collect accrued support money payments by March, 1958, which had only netted her $185.00, and the last proceeding apparently nothing except a jail sentence for respondent. The fact that appellant did not try again for about three years to collect such payments is not such a circumstance from which it could be reasonably inferred that respondent was misled into believing that appellant was not requiring such payments, so that a requirement thereafter to make such payments would be inequitable and unjust. In Smith v. Bray,[1] this court held that a failure by a wife to institute proceedings for eight years after support mon-

ey payments accrued did not require a finding of laches and that the court was right in finding there was no laches. In the instant case, less than eight years elapsed before actual proceedings to collect were instituted, in fact proceedings to collect the accrued payments for which the court refused to grant judgment were instituted, but failed to bring about the desired results. Mere inaction under circumstances such as these is insufficient to sustain a finding of so-called laches so as to bar a judgment for any of the past due payments.

■ The court also erred in refusing to grant interest on the accrued installments. As stated in Larsen v. Larsen[2] by this court: "It is the law in this state that the right to installment payments under a divorce decree vests upon the due date and that interest should be allowed until the payment is made."

■■ Appellant concedes that it is within the court's discretion to determine whether a person is in contempt of court for failure to comply with the terms of a divorce decree and whether attorney's fees should be allowed in such a proceeding, but argues that the court abused its discretion in the instant case by refusing to find respondent in contempt of court, and refusing to grant attorney's fees. The record does not per-

1. Smith v. Bray, 11 Utah 2d 218, 357 P. 2d 189; McKee v. McKee, 154 Kan. 340, 118 P.2d 544, 137 A.L.R. 880.

2. Larsen v. Larsen, 9 Utah 2d 160, 340 P.2d 421, p. 422; 33 A.L.R.2d Anno., Interest—Unpaid Alimony, Section 3, p. 1456.

suade us that the court abused its discretion in either of those matters.

Reversed and remanded with instructions to proceed in accordance with this opinion. Costs to appellant.

McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.

HENRIOD, J., concurs in the result.