430 P.2d 580

**Verona G. SCOTT, Plaintiff and Respondent,**

**v.**

**Brigham D. SCOTT, Defendant and Appellant.**

**No. 10725.**

Supreme Court of Utah.

July 21, 1967.

268

Ollie McCulloch, Salt Lake City, for appellant.

Leland S. McCullough, Salt Lake City, for respondent.

DAY, District Judge.

This case involves the question of full faith and credit to be given to a Nevada divorce decree and more particularly, whether our court can modify a "property settlement agreement" payable as installments of alimony provided for therein.

In 1961, while the parties were residents of Nevada, the plaintiff brought suit for a divorce against the defendant herein, in the District Court of Clark County. The defendant filed an answer, but on February 6, 1961, the date the case was heard, he and the plaintiff with their respective attorneys entered into what was entitled as a "property settlement agreement."

The "property settlement agreement" contained the usual and appropriate statements: that the parties were contemplating a divorce; that in the event the court should determine that a cause of action existed for the divorce, then the said agreement should be in force; but otherwise null and void. It provided that the defendant should pay to the plaintiff

* * * as alimony the sum of $1,000.00 per month for a period of one-hundred twenty-one (121) months, commencing Feb. 6, 1961, and continuing on the first day of each and every month thereafter until the 121 payments of alimony shall be made to the First Party (the plaintiff), or to her heirs in the event of her death, and the obligation of Second Party (the defendant) to make such payments shall not be affected by the remarriage of First Party, or by change of circumstances of either party during said period of 121 months. During said period First Party agrees that she will not petition the court for an increase, in said amount; and Second Party agrees that he will not petition the court for a reduction in said amount.

Upon the appearance of the plaintiff and her counsel and the testimony of witnesses before the Nevada Court, it entered its Decree of Divorce as to these parties on February 6, 1961, including therein the following provisions:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the property settlement agreement entered into by and between the parties hereto on or about the 6th day of February, 1961, be and the same hereby is ratified, approved and confirmed and made a part of this Decree as though fully set forth herein. * * *

The Decree became and was an absolute decree when entered.

This action was commenced by the plaintiff against the defendant in the District Court of Salt Lake County, Utah, where both parties now reside, referring to the Nevada proceedings and asking judgment for unpaid alimony payments accrued and required under the Nevada decree. Her complaint states:

Said [Clark County, Nevada] judgment so rendered was and still is a final judgment; that the same is valid, subsisting, not reversed, vacated nor annulled; and under the laws of the State of Nevada said amounts are now due and owing and cannot be recalled or set aside, and judgment, under the Full Faith and Credit Clause of the Constitution of the United States of America, is entitled to full faith and credit in this [Salt Lake County, Utah] court.

Defendant filed his Answer and Counterclaim in the present proceedings, in substance denying that he was delinquent in his payments under the Nevada decree, but claiming also that the said property settlement agreement was illegal, null and void as against public policy, and further that there had been such a material change of circumstances as to require a modification of the prior decree to relieve defendant of future payments thereunder.

At the hearing with both parties present, counsel stipulated as to the amounts past due under the Nevada decree, and also stipulated that the matter of offsets claimed by the defendant should be referred to a Mr. Spencer Nilson, a certified public accountant, to be determined by him and then referred to the court.

Two hearings were held but no testimony or exhibit evidence was offered or received in either hearing.

The trial court's Findings of Fact and Conclusions of Law included determination: that the Nevada decree was a final judgment and still valid, subsisting and not reversed, vacated or annulled; that under the law of Nevada the said amounts were due and owing and could not be recalled or set aside; and that the decree was entitled to full faith and credit in Utah; and that the agreement and decree of Nevada

was not illegal or against public policy, so the Utah court had no authority to modify the Nevada decree. The trial court further indicated that it had no jurisdiction to adjudicate any contempt of the Nevada decree nor to award attorney's fees. Accordingly, judgment was entered in favor of the plaintiff and against the defendant for the stipulated amounts, being $16,000 delinquent alimony payments, less credits of $4,476.38, or a net amount of $11,523.62, plus court costs.

The defendant now urges reversal of the trial court's rulings on these grounds: (1) that the trial court erred in refusing to rule that the property settlement agreement upon which the divorce decree was based was illegal, null and void as against public policy *without permitting defendant to introduce evidence thereon* (emphasis added); (2) that the trial court erred in ruling that it lacked authority to modify the decree of the Nevada Court as to *alimony installments which did not accrue prior to defendant's filing a counterclaim*; and (3) that the trial court erred in ruling that there was no material change of circumstances without permitting defendant to introduce evidence thereon.

We consider the points raised by defendant in the order in which he noted them in his brief.

■ Defendant's first contention that he was not permitted to introduce evidence on his issue that the property settlement was void as against public policy, just simply is not borne out by the record. In the first hearing the trial court specifically stated that the issue of public policy was taken under advisement and that defendant's counsel should be prepared on that issue in the subsequent hearing to be held. In the subsequent hearing eight months later, when the matter came up again defendant's counsel assumed that the trial court had ruled against him on that issue, stating his recollection was not too clear but that he "didn't figure it was worth going back bothering" the court reporter to "dig out what her notes state it was." Almost at the end of the brief second hearing before the trial court defendant's counsel stated, "I guess my good and valid defenses having been determined to be not worth a damn. * * *" At no time in either hearing was there any offer of evidence one way or another on this issue, and a party will not be permitted to claim on appeal that he was precluded from doing in the trial court what he never there offered or attempted to do.

■ It should be noted in this case, however, that the record before us shows no evidence or indication whatever that this particular property settlement was in any way against public policy, but on the contrary, it appears this was an ordinary and usual property settlement to be effective in case a divorce was granted to the plaintiff.

Defendant's second and third points are in substance only one point, that is, the defendant contends that the trial court erred in ruling that it lacked authority to modify the Nevada decree. And that is the nub of this case: whether the trial court erred in holding that it lacked authority to modify the Nevada decree, but also as a corollary, what was proper in Utah with regard to enforcement of the Nevada decree.

In Nelson on Divorce and Annulment, published by Callaghan & Company, 1945 edition, under the heading, "Recognition and Enforcement of Sister-State Alimony, Maintenance and Support Decrees," being Sec. 33.44 et seq., at page 521 et seq. of Vol. 3, is the following:

> * * * the test is whether the decree is subject to modification or vacation by the court that rendered it, pursuant to a reservation in the decree itself or under a statute empowering the court to modify such decrees.
>
> * * * * * *
>
> In general, a decree that is not subject to modification must be given full faith and credit as a final judgment, and a decree that is subject only to modification operating prospectively is final and entitled to full faith and credit as to payments already accrued and due thereunder. * * *

This court has considered the question of full faith and credit as applied to decrees in divorce cases in at least two cases previously, Hunt v. Monroe, 32 Utah 428, 91 P. 269, 11 L.R.A.,N.S., 249 and Westerfield v. Coop, 6 Utah 2d 262, 311 P.2d 787. In the more recent case of Westerfield v. Coop (decided in 1957) this court in considering this question, stated:

> The only question involved is whether the California judgment calling for alimony and support money installments must be given full faith and credit under the Federal Constitution. We answer "yes."
>
> No California statute was pleaded or proved indicating that the law of that State is any different than ours, so we presume it to be like our own. Therefore, so far as this case is concerned, alimony and support payments become unalterable debts in Utah as they accrue, and it is inescapable therefore, that under the authorities generally they demand recognition under the full faith and credit clause, and we so hold.

See Todaro v. Gardner, 3 Utah 2d 404, 285 P.2d 839; Myers v. Myers, 62 Utah 90, 218 P. 123, 30 A.L.R. 74; Sec. 1, Article IV of the United States Constitution; and text of 157 A.L.R. 170 et seq. The usual rule is that a judgment for alimony payable in monthly or other periodic installments cannot be changed or modified after the installments have become due. See Westerfield v. Coop, above, Cole v.

Cole, 101 Utah 355, 122 P.2d 201; Openshaw v. Openshaw, 102 Utah 22, 126 P.2d 1068.

The right to such accrued installment payments vested in the plaintiff upon the due date of each installment, and the plaintiff is entitled to interest thereon at the legal rate until payment is made. See Larsen v. Larsen, 9 Utah 2d 160, 340 P.2d 421; McKay v. McKay, 13 Utah 2d 187, 370 P.2d 358; and Cole v. Cole, supra. Accordingly the lower court was correct in its holding that it had no power or authority to change or modify the Nevada judgment as to the accrued installments of alimony thereunder.

As indicated above, the principle of full faith and credit requires that our courts give the same effect to a decree that would be given by the state of its rendition. We are in accord with the view taken by the trial court that under the circumstances disclosed in this record, it is shown plainly and unequivocally that the parties at the time of the divorce intended a "property settlement agreement" a sum certain to be

paid in installments and it is therefore not subject to modification.[1]

The judgment of the trial court is affirmed. Costs to plaintiff (respondent).

CROCKETT, C. J., and CALLISTER, TUCKETT, and HENRIOD, JJ., concur.

ELLETT, J., being disqualified, does not participate herein.

---

1. Hough v. Hough, 26 Cal.2d 605, 160 P.2d 15, at 18: "[P]ayments under property settlement agreements may (not) be modified even though incorporated in the decree. * * * The settlement of property rights should be final in order to secure the stability of titles. Support allowances on the other hand should be subject to the discretion of the court as justice may require."

Bradley v. Superior Court, 48 Cal.2d 509, 310 P.2d 634 at 640: "[A] (divorce) decree is subject to modification if the payments therein provided are for alimony, maintenance or support, even though based on a property settlement agreement, but not if * * * they in themselves are an integral part of an adjustment of property rights."
See also Lyon v. Lyon, 115 Utah 466, 206 P.2d 148, and Callister v. Callister, 1 Utah 2d 34, 216 P.2d 944.