## 18970

Nellie M. GARDNER, Respondent, v. Charles K. GARDNER, Appellant

(170 S. E. (2d) 372)

*Matthew Poliakoff, Esq.,* of Spartanburg, *for Appellant,*

*Messrs. James J. Raman* and *Frank Sawyer,* of Spartanburg, *for Respondent,*

October 29, 1969.

Moss, Chief Justice.

Nellie M. Gardner, the respondent herein, commenced this action on July 12, 1965, against Charles K. Gardner, the appellant herein, in the Juvenile and Domestic Relations Court of Spartanburg County, which was later, by Statute, changed to the Family Court of Spartanburg County. This action was based on a foreign divorce decree granted by the Second Judicial Court of the State of Nevada, seeking to enforce the decree of that court and to make it the judgment of the Family Court of Spartanburg County, and to recover accrued and unpaid alimony installments allegedly due under the aforesaid divorce decree in the amount of $6,550.00, with interest thereon from March 31, 1964, and also seeking future alimony, maintenance and support payments for the wife and one dependent child in the amount of $167.00 per month, together with attorney fees.

The respondent alleges in her complaint that in the Nevada Court a final decree of divorce was granted to her and the appellant and by said decree the absolute custody of Charles Keith Gardner, Jr. and Glen Allen Gardner, minor children of the parties, was granted to her. By the decree the appellant was ordered to pay the sum of $250.00 monthly for the support and maintenance of the respondent and the two children, one-third thereof being allocated to

each of them. The payment for the support of the wife was to continue until such time as the wife might remarry and the payments for the children were to continue until they shall become of age or self-supporting, whichever event shall first occur. The finality of the foregoing decree was specifically alleged.

It is then alleged in the complaint that Charles Keith Gardner, Jr. became self-supporting and no claim is made for his support after November 1, 1962. It is further alleged that Glen Allen Gardner is still a minor and not self-supporting. It is also alleged that the respondent had not remarried.

The appellant, by answer, plead a general denial. He also alleged that on February 3, 1965, that the Spartanburg County Court pursuant to the Uniform Reciprocal Enforcement of Support Act, Section 20-311 *et seq.*, of the Code, based on an order obtained in the State of California required the appellant to pay $60.00 per month for the support of the two children and that he should be given credit for the payments so made pursuant to this order, if it should be adjudged that he owes the respondent any sum. He denies that the respondent is entitled to recover any fee for her attorneys.

The Judge of the Family Court of Spartanburg County issued his order dated December 5, 1968, awarding judgment to the respondent against the appellant in the amount of $14,106.49, which includes simple interest through November 30, 1968. The trial judge recites in his order that he has given the appellant credit for payments made pursuant to the order of the court under the Uniform Reciprocal Enforcement of Support Act. He was also given credit for payments made by a Class E Allotment while the appellant was a member of the United States Air Force. It is further stated in the decree that the amount of the payments required under the Nevada Court decree was reduced in accordance with its terms when each of the

children became emancipated and when the respondent re-married the payments as to her were terminated.

It is the position of the appellant that the Family Court of Spartanburg County did not have jurisdiction to render a monetary judgment in an action for accrued alimony and support.

The Juvenile and Domestic Relations Court of Spartan-burg County was created by an Act of the General Assembly, approved April 24, 1964, 53 Stats., page 2406. Section 7 of the Act, as amended by an Act approved February 13, 1965, 54 Stats., page 38, gives the court concurrent juris-diction with the circuit court "in cases of divorce, * * * civil proceedings for the support of wife and dependent children, * * *:"

Family Courts were created by an Act of the General Assembly, approved May 22, 1968, 55 Stats., page 2718. In addition to the jurisdiction given to the Juvenile and Domestic Relations Court above set forth, the Family Court was authorized "to hear and determine proceedings within the county to compel the support of a wife or child." In Section 34 of said Family Court Act, it was provided:

"The Court shall have all the power and authority and jurisdiction by law vested in the circuit courts of the State in actions:

(1) For divorce *a vinculo matrimonii* and *a mensa et thoro*.

(2) By husband or wife to live separate and apart from the other.

(3) By wife for separate maintenance.

(4) For custody of children, child support, right of visi-tation and division of personal property, whether the same be in connection with an action for divorce or apart there-from."

Under our Divorce Act, Section 20-101 *et seq.,* of the Code, a court of equity has authority to make such orders touching maintenance and alimony for the

wife and support for the children as is equitable and just. The Juvenile and Domestic Relations Court and the Family Court of Spartanburg County had concurrent jurisdiction with the circuit court to try divorce cases and matters related thereto.

In *Johnson v. Johnson,* 194 S. C. 115, 8 S. E. (2d) 351, we held that a decree for alimony granted by a Florida Court may be established in this state as a local judgment, as was done here, and enforced by equitable remedies as are customary in the enforcement of domestic decrees for alimony in our local courts.

It follows that the Nevada decree was enforcible in this state by the Family Court of Spartanburg County in such manner and by all remedies available for the enforcement of its own domestic decrees and the court also had the right to require the payment of all installments for the support and maintenance of the wife and child which had become due and payable during the pendency of the action.

The appellant charges that the trial judge erred in awarding a judgment against him in an amount greater than was prayed for in the complaint. The appellant was in arrears in his payments of alimony and support money to the respondent in the sum of $6,550.00, as of March 31, 1964, and the respondent was entitled to legal interest upon the sum from said date. At the time of the commencement of this action the respondent asked that the appellant be required to pay future alimony, support and maintenance in the sum of $167.00 per month, this being the amount required to be paid under the Nevada decree for her support and that of one dependent child. It follows that an award including the amount in arrears plus the alimony and support accruing during the pendency of the action was within the scope and prayer of the complaint.

The appellant also contends that the trial judge erred in granting judgment in the amount of $14,106.49 because he did not show how he arrived at this figure. We cannot determine from the record how the trial judge ascertained the figure for which he gave judgment. We point out in this connection that we have no basis upon which we can make a calculation as to whether the amount awarded was correct or incorrect for the reason that it does not appear in the transcript the date that the second child became self-supporting or when the respondent remarried. The burden was upon the appellant to convince us that there was error which was prejudicial to him in this finding of fact by the trial judge. *Federal Land Bank of Columbia v. Summer,* 168 S. C. 510, 167 S. E. 830. The appellant has failed to point out any error, if any, that the trial judge made in his calculation as to the amount due the respondent.

The appellant charges the trial judge with error in issuing his order, on December 5, 1968, awarding a monetary judgment based upon the Nevada decree when it appeared that alimony and support payments had terminated during the pendency of the action by reason of the remarriage of the respondent and the emancipation of the child, Glen Allen Gardner.

It affirmatively appears that the trial judge terminated the payments required under the Nevada decree upon the emancipation of the dependent child and the remarriage of the respondent. He made no award for their support after the happening of these events. The Juvenile and Domestic Relations Court and subsequently the Family Court of Spartanburg had jurisdiction initially to entertain the action brought by the respondent. The general rule is that jurisdiction of a court depends upon the state of affairs existing at the time it is invoked. If jurisdiction once attaches to the person and subject matter of the litigation the subsequent happening of events will not ordinarily operate to oust the jurisdiction already attached. *Butler v.*

*Whitt,* 230 S. C. 279, 95 S. E. (2d) 496; *Piana v. Piana,* 239 S. C. 367, 123 S. E. (2d) 297, and *Foster v. Nordman,* 244 S. C. 485, 137 S. E. (2d) 600. The rule announced in these cases is here applicable and we find no merit in the contention made by the appellant.

It appears from the record that on February 3, 1965, the Spartanburg County Court, pursuant to the Uniform Reciprocal Enforcement of Support Act, based on an order obtained in the State of California, required the appellant to pay $60.00 per month for the support of his two dependant children. The appellant now takes the position that the judge was in error in holding that the Nevada decree had not been modified by the aforesaid order. In the first place, the order granted by the Spartanburg County Court was based upon an order obtained in the State of California for support for the two minor children, rather than upon the decree of the Nevada Court. The Spartanburg County Court, in granting said order, was acting as the responding state to a support action which had been initiated in the State of California. It would have been error for the trial judge to have adopted the theory advanced by the appellant because such would be in contravention of Section 20-329 of the Code, which provides:

"Any order of support issued by a court of this State when acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both."

It follows that the trial judge was correct in refusing to hold that the order of the Spartanburg County Court had modified the Nevada decree. However, he did give credit, pursuant to the aforesaid statute, for the amount paid by the appellant under the Spartanburg County Court order.

It is the contention of the appellant that the trial judge was in error in ordering him to pay, at the rate of $75.00 per month, the amount of accrued and unpaid alimony and child support installments due under the Nevada decree.

The decree of the Nevada Court was adopted as the judgment of the Family Court of Spartanburg County. We said in *Johnson v. Johnson,* 194 S. C. 115, 8 S. E. (2d) 351, "And we conclude that a decree for alimony granted by a foreign Court may be established and enforced by and through the equity Courts of this state, and that our equity Courts may assume jurisdiction thereof."

It follows that the respondent, having obtained a local decree for the arrears due under the Nevada decree, may enforce such by all the remedies which are available in a court of equity.

All of the exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.