Connie Rae POPE, Plaintiff, Respondent,
and Cross-Appellant,

v.

Dan LeRoy POPE, Defendant, Appellant,
and Cross-Respondent.

No. 15538.

Supreme Court of Utah.

Dec. 15, 1978.

Jay D. Edmonds, Salt Lake City, for defendant, appellant, and cross-respondent.

Pete N. Vlahos, Ogden, for plaintiff, respondent, and cross-appellant.

WILKINS, Justice:

This is a divorce action, in which the District Court for Cache County, sitting without a jury, entered a decree divorcing the parties, dividing their property, and awarding attorney's fees and costs to plaintiff. References herein to statutes and rules are to the Utah Code Ann., 1953, as amended, and the Utah Rules of Civil Procedure, respectively.

Plaintiff and defendant were married more than ten years and have two daughters as issue of the marriage. After his marriage to plaintiff, defendant attended college and obtained a bachelor's degree in engineering and a master's degree in busi-

ness administration. Plaintiff, on the other hand, terminated her education after one and one-half years of college and spent her time caring for the children. During their marriage, defendant and plaintiff acquired assets, mentioned infra.

In its division of this property the District Court awarded to defendant the family business property and certain other items of personalty, the net value of which was $76,577. Plaintiff was given the family residence, subject to the existing mortgage, the household furnishings, and certain other items of personalty. The net value of this property was $26,609. The District Court also ordered defendant to pay plaintiff $24,984 in cash, this being one-half of the amount by which the net value of property awarded defendant exceeded that awarded plaintiff.

Defendant urges on appeal that the District Court erred in calculating the value of the parties' property and debts, resulting in an unjust and inequitable division of the property. He claims the Court failed to include certain debts owed by defendant amounting to $24,225 in its calculation of the value of the business and other property awarded to him.

■ It is well established that

The trial court, in a divorce action, has considerable latitude of discretion in adjusting financial and property interests. A party appealing therefrom has the burden to prove there was a misunderstanding or misapplication of the law resulting in substantial and prejudicial error; or the evidence clearly preponderated against the findings; or such a serious inequity has resulted as to manifest a clear abuse of discretion.

*English v. English*, Utah, 565 P.2d 409, 410 (1977).

■ However defendant's argument—in thrust—is that a serious inequity does exist as the obligation to pay the debts amount-

ing to $24,225 results, in effect, in a division of the net value of property which gives sixty-five percent to the plaintiff and only thirty-five percent to the defendant.[1] In light of the facts and circumstances of this case, we believe, however, that the Court's division of property is equitable. Defendant was awarded the income-producing assets of the family. He has two college degrees and several years experience in operating his businesses and thus has a reasonably assured future of earnings and profits from his business activities. Plaintiff, however, has no college education and was unemployed at the time of trial. The Court awarded her no alimony. She was given custody of the children and only $135 per month for each child's support.

Defendant's other allegations of errors and omissions relating to the division of property are either without merit or nonprejudicial.

■ Defendant also contends that the Court's award to plaintiff of $1,500 attorney's fees and $30 costs must be reversed since plaintiff, in her pleadings, prayed for only $1,000 in attorney's fees and failed altogether to pray for costs.

Rule 54(c)(1) states in relevant part:

. . . Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings . . .

In *Ferguson v. Ferguson*, Utah, 564 P.2d 1380 (1977), we held that under this Rule, an award of attorney's fees in excess of that requested in the pleadings, is allowable where the proof shows the party to be entitled to it. Also see *Palombi v. D&C Builders*, 22 Utah 2d 297, 452 P.2d 325 (1969). These cases properly applied Rule 54(c)(1) and are controlling here.[2] The Dis-

---

1. The District Court ordered that defendant pay all debts incurred by the parties since their marriage, excepting the house mortgage. The debts which totaled $24,225 according to defendant's testimony were incurred by the parties after their marriage.

2. In *Palombi*, it was stated "The fact that there was no specific pleading . . . does not preclude such an award. It is indeed important that the issue be raised that the parties have full opportunity to meet it." Here, certainly the issue was raised with full opportunity to meet it.

trict Court's award on these two items was therefore not improper.

Apparently in order to induce defendant to pay plaintiff the $24,984 cash within six months the District Court ordered that if the amount remained unpaid during this period that the amount would bear interest at the rate of ten percent per year.

Sec. 15–1–4, which requires, except as noted therein (not applicable here), judgments to bear interest at the rate of eight percent per year, does not preclude a District Court, under Sec. 30–3–5 [3] from imposing an interest rate of more than eight percent where, under the circumstances, that award is reasonable and equitable. In this case such an award is both. The interest rate here increased from eight to ten percent only when defendant failed to pay the amount within six months. The $24,984 is the only cash which plaintiff was awarded. The court did not award alimony to plaintiff and the child support is only $135 per month per child. Plaintiff is unemployed and will reasonably need cash in the near future for mortgage payments on the house and for her personal needs. Thus, requiring that defendant pay an additional two percent interest on the $24,984 in the event that defendant failed to pay plaintiff this amount within six months is a reasonable exercise of the District Court's equitable discretion.

Affirmed. Costs to plaintiff.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.

3. This statute states in relevant part: . . . "the court may make such orders in relation to . . . property and the parties . . . as may be [applicable]."