**Mary Helen OWEN, Plaintiff and Appellant,**

v.

**Robert James OWEN, Defendant and Respondent.**

No. 20478.

Supreme Court of Utah.

April 8, 1986.

Pete N. Vlahos, Ogden, for plaintiff and appellant.

Robert James Owen, pro se.

PER CURIAM:

Plaintiff appeals from a decree of divorce, arguing that the trial court abused its discretion by failing to award relief warranted by the facts.

The parties were married in 1966 and divorced in 1985. At trial, plaintiff was represented by counsel and defendant appeared pro se. It was established that defendant was employed (with monthly earnings of $2,178) and that plaintiff was unemployed, but looking for work. Plaintiff was awarded custody of the parties' two minor children, and defendant was ordered to pay child support of $348 per month. The property division was based on stipulation of the parties: defendant was awarded the family home, but plaintiff was given a lien for one-half the equity; each party was awarded an automobile and personal effects; and each was ordered to pay one-half of an outstanding hospital bill owed by plaintiff. Defendant was also ordered to pay $300 toward plaintiff's attorney fee. Findings of fact, conclusions of law, and a decree of divorce were prepared by plaintiff's attorney and signed by the court.

After the decree was entered, plaintiff obtained new counsel, who filed a timely notice of appeal. In plaintiff's brief on appeal, it is argued that she should have received more under the decree. Specifically, plaintiff claims that, in view of her unemployment, she should have received alimony, a share of defendant's retirement funds, immediate payment for her interest in the family home, full payment of her hospital bill, and full attorney fees. She claims that although she did not ask for those at trial, the facts support the awards in equity. In support of this argument, she quotes Utah R.Civ.P. 54(c)(1) as follows:

> [E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party

has not demanded such relief in his pleadings.

The foregoing provision has been interpreted by this Court to mean that the absence of a specific pleading does not preclude an award so long as the issue is raised and the parties have had full opportunity to meet it. *Palombi v. D & C Builders*, 22 Utah 2d 297, 452 P.2d 325 (1969), *quoted in Pope v. Pope*, Utah, 589 P.2d 752 (1978). Attached to defendant's brief on appeal is an affidavit of plaintiff's trial counsel wherein he states: plaintiff specifically requested that counsel not seek alimony or any interest in defendant's retirement funds; plaintiff did not desire to live in the family home—her only concern was that her interest in the equity be preserved; plaintiff did not want to pursue any other property or support claims since "she just wanted to get the divorce over with on the terms as they were presented at the hearing." Those statements are consistent with the record before us. Since issues as to alimony, retirement funds, and full payment of plaintiff's hospital bill were not urged at trial, the court did not abuse its discretion in failing to award those items. It appears, however, that the remaining issues were raised at trial.

█ Plaintiff requests an award of her full attorney fees. In her complaint, plaintiff sought fees "in the approximate sum of $350.00 if the matter is uncontested, or in such reasonable amount as may be shown at trial." As indicated herein, the trial was essentially based on a stipulation of the parties, with plaintiff being represented by counsel and defendant appearing pro se. Plaintiff testified that she would like defendant to be responsible for her attorney fee but no evidence was adduced as to its amount. On those facts, we find no abuse of discretion in the court's order that defendant be responsible for $300 toward plaintiff's attorney fee.

█ Although it was agreed that defendant would live in the family home, the parties seemed to expect an immediate division of the equity. With respect to her interest in the home, plaintiff indicated that she needed the money for the children.

Defendant questioned the court about how and when he would pay plaintiff's interest in the home. The court stated that this was not spelled out in the parties' stipulation and then proceeded to make the standard award (that the equity is payable when defendant should cohabit, remarry, or sell the residence, or when the youngest child attains majority). Under the facts of this case, especially where the custodial parent was not awarded the family home, the division of equity should have been immediate, and the trial court abused its discretion in not so ordering.

Affirmed, except as to the time for the division of the equity in the family home. Remanded for modification of that provision of the decree. Costs to plaintiff.