In re the MARRIAGE OF Sandra E. SCHUTTE, formerly Sandra E. Neuenkirk, Appellant,

and

Wilbert W. Neuenkirk, Appellee.

No. 84CA1462.

Colorado Court of Appeals, Div. I.

May 22, 1986.

Joseph Fattor, Leadville, for appellant.

David V. Opland, P.C., David V. Opland, Buena Vista, for appellee.

TURSI, Judge.

Sandra E. Schutte (wife) appeals from the orders entered by the trial court on her motion to reduce to judgment child support arrearages owed by Wilbert W. Neuenkirk (husband) and on husband's cross-motion for judgment based on the decreed property division. We affirm in part and reverse in part.

The parties' marriage was dissolved in 1973. The decree required that the husband pay the wife a total of $200 per month as child support and also required that the wife pay the husband $6,000 for his interest in the family residence. The $6,000 was to be paid one year from the date that wife moved from the residence or sold the residence or the date the last child left the home, whichever first occurred.

In November 1983, the wife filed a motion to reduce child support arrearages to judgment. The husband then sought to enforce the wife's obligation to pay him for his interest in the family residence. In its order, the trial court entered judgment in favor of the wife in the amount of $11,-489.02 but held that interest could not accrue until judgment entered. The trial court also entered judgment in favor of the husband in the amount of $6,000, with interest from February 1975.

On appeal, the wife contends that the trial court's award of interest to the husband constituted a modification of the property settlement portions of the decree. She further contends that it was error for the trial court to deny interest on the child support arrearages as they accrued.

I

■ Contrary to the wife's contention, the trial court's entry of judgment in favor of the husband in the amount of $6,000 is not a modification of the property settlement. Ordering the payment of an amount due pursuant to the terms of the property settlement, together with interest, is merely an enforcement of the original decree.

■ We do, however, agree with the wife's contention that the trial court used the incorrect date from which to assess interest. Here, the amount due is liquidated and its due date is set out in the decree. The decree of dissolution provided that $6,000 was to be paid to husband one year from the occurrence of one of the specified events. It was stipulated that the wife sold the property by a deed signed in February 1975. Thus, the $6,000 was due one year later.

Accordingly, it was error for the trial court to accrue interest before February 1976. On remand, the judgment should be modified so that interest on the $6,000 accrues from February 1976.

**162**

## II

 We also agree with the wife's contention that the trial court should have awarded interest on child support arrearages. Section 14–14–106, C.R.S. (1985 Cum. Supp.) provides that:

"Interest at the statutory rate per annum on any arrearages and child support debt due and owing may be collected by the judgment creditor as provided by court order; however, such interest may be waived by the judgment creditor and such creditor shall not be required to maintain interest balance due accounts."

Each installment of child support which matures pursuant to a child support order and which remains unpaid becomes a money judgment as a matter of law and is enforceable when reduced to another judgment, without further action by the court. *In re Marriage of McCue,* 645 P.2d 854 (Colo.App.1982). "[S]uch a judgment draws interest at the statutory rate if not paid when due." *Burke v. Burke,* 127 Colo. 257, 255 P.2d 740 (1953).

Section 14–14–106, C.R.S., interest on a judgment for child support is analogous to interest awarded pursuant to § 5–12–102(1)(b), C.R.S. (1985 Cum.Supp.). Section 5–12–102(1)(b), C.R.S., states that:

"Interest shall be at the rate of eight percent per annum ... for all moneys ... after they become due to the date of payment or to the date judgment is entered, whichever first occurs."

In this case, the trial court did not find that the wife had waived her right to interest. Rather, the trial court concluded that child support payments due and owing could not incur any interest until the date of judgment. We hold this conclusion to be erroneous. Under this statute, the trial court is without discretion to deny interest. Therefore, on remand, interest on child support arrearages accruing from the date each installment became due shall be included in the judgment.

The judgment is affirmed in all respects except as to the portions awarding interest to the husband and denying interest to the wife, which portions are reversed, and the cause is remanded to the trial court for recalculation of interest to be awarded to husband and for determination of the amount of interest to be awarded wife on the arrearages as they accrued until entry of judgment. Interest so calculated shall be included in the judgments.

PIERCE and BERMAN, JJ., concur.