369 P.2d 962

**NED J. BOWMAN COMPANY,
Plaintiff and Appellant,**

**v.**

**Jones E. WHITE, Sara S. White, and Dr. E.
H. White, Defendants and Respondents.**

No. 9482.

Supreme Court of Utah.

March 27, 1962.

Bridwell, Reynolds & Cuthbert, Salt Lake City, for appellant.

Moffat, Iverson & Elggren, Salt Lake City, for respondents.

CALLISTER, Justice.

Action by a judgment creditor to have set aside, as a fraudulent conveyance, a certain real estate mortgage. From a judgment of no cause of action, plaintiff appeals.

The mortgage in question, and the $10,000 promissory note which it secures, were executed on December 4, 1959, by the defendants Jones E. White and Sara S. White, his wife. The mortgagee is the defendant, Dr. E. H. White, father of Jones. At the time the mortgage was executed and recorded (December 16, 1959) there was pending in the Third District Court a civil suit by plaintiff against Jones. Plaintiff was subsequently awarded a judgment against Jones and unsuccessfully attempted to levy execution upon the real property described in the mortgage, which is the home of Jones and Sara.

Both Jones and Dr. White testified that the mortgage was executed in compliance with a promise made in 1947 when Dr. White loaned Jones $7,403 to help purchase the home. They testified that it was only through neglect that the note and mortgage were not executed until some 12 years after the loan. The principal sum of $10,000, they explained, represented the loan of $7,403 plus accrued interest.

For many years, both prior and subsequent to this 1947 loan, Dr. White has loaned money to his son Jones. Two thousand dollars was loaned to Jones for his education, and a note for that amount was given to the doctor. Prior to 1947, Dr. White loaned Jones $12,000 to enable him to purchase a home in Altadena, California, and Dr. White was given a mortgage upon the home. Jones made payments of $100 each month for 18 months, and upon selling this home in 1947, Jones repaid all but $387 of the balance to his father. It was at this time that Jones desired to purchase a home in Salt Lake City and received the money in question from his father. Since 1947, Dr. White has loaned Jones over $7,000, of which Jones has repaid $2,000.

There was also testimony by both Dr. White and Jones that these loans were in no

way intended as a gift and that they were to be repaid by Jones. Dr. White further stated that if he died before Jones had fully repaid his indebtedness, the balance still owing would be deducted from Jones' share of his father's estate.

Plaintiff contends that the trial court erred in the following particulars:

(1) In failing to find that Jones received the money from Dr. White as an "advancement" rather than a loan; and that the mortgage, being without consideration and its execution rendering Jones insolvent, amounted to a fraud upon his creditors under 25–1–4, U.C.A.1953;

(2) In not finding that the mortgage was made with actual intent to hinder, delay or defraud Jones' creditors, so as to constitute a fraudulent conveyance under 25–1–7, U.C.A.1953;

(3) In finding that Jones' equity in the property was less than his homestead exemption and therefore not subject to execution, regardless of the validity or invalidity of the mortgage executed to Dr. White.

Under our statutes, a creditor with a matured claim may have a conveyance [1] set aside to the extent necessary to satisfy his claim,[2] where such conveyance was made without fair consideration [3] and would render the person making it insolvent. Under these circumstances, the conveyance constitutes statutory fraud and the existence of a subjective intention to defraud is not required.[4] A creditor may also have a conveyance set aside if it was made with actual intent to hinder, delay or defraud either present or future creditors.[5] On the other hand, if a mortgage and note are given by a debtor to secure his bona fide pre-existing debts, which are not of an unreasonably small proportion of the mortgage, the conveyance will be upheld.

While conveyances between close relatives are subject to rigid scrutiny, that fact alone does not render the conveyance fraudulent.[6] Whether a conveyance is fraudulent as to creditors must be determined from the facts of each case and from the circumstances surrounding the transaction,[7] keeping in mind that the pur-

1. " 'Conveyance' includes every * * * *mortgage* * * * " 25–1–1, U.C.A. 1953. (Emphasis added.)
2. 25–1–15(1), U.C.A.1953.
3. "Fair consideration is given for property, or obligation: * * * (2) When such property or obligation, is received in good faith to secure a * * * *antecedent debt* * * *." 25–1–3, U.C.A. 1953 (Emphasis added.)

4. 25–1–4, U.C.A.1953; Cardon v. Harper, 106 Utah 560, 151 P.2d 99, 154 A.L.R. 906.
5. 25–1–7, U.C.A.1953.
6. Paxton v. Paxton, 80 Utah 540, 15 P. 2d 1051; Lund v. Howell, 92 Utah 232, 67 P.2d 215; Givan v. Lambeth, 10 Utah 2d 287, 351 P.2d 959.
7. Boccalero v. Bee, 102 Utah 12, 126 P. 2d 1063.

pose of our statutes is not to prevent a debtor from securing his honest debts.[8]

In the instant case there is ample undisputed evidence which, even under the closest scrutiny, shows that the mortgage in question was executed to secure a bona fide pre-existing debt. Both Dr. White and Jones White testified that at the time Dr. White gave $7,403 to Jones to purchase a home Jones promised to execute a note and mortgage to secure repayment of this sum, and that failing to execute such note and mortgage until 1959 was merely due to their neglect. Considering this testimony along with other financial dealings between Dr. White and his son Jones White, it seems likely that such testimony is an accurate account of the facts. This seems especially so, in light of the fact the mortgage given Dr. White for funds to purchase Jones' previous home has been almost completely paid off. It would seem unlikely that Dr. White would take a mortgage and require repayment of a loan to his son for the purchase of a home in California and then, after the loan had been repaid, give his son over $7,000 to purchase a home in Salt Lake City without any obligation to repay.

■■ Plaintiff also contends that there was no consideration for the mortgage in that the money was given to Jones without any obligation to repay during Dr. White's

lifetime, and that such money constituted an "advancement" to be deducted from Jones' share of his father's estate rather than a legal debt. Our statute defines "advancement" as a gift or grant which 's either: (a) expressed in the gift or grant to be an advancement, or (b) charged in writing by the decedent as an advancement, or (c) acknowledged in writing as an advancement by the child or other successor or heir.[9] The loan by Dr. White to his son does not come within the statutory definition of "advancement" ; and the testimony of Dr. White was to the effect that the money was loaned to Jones, and that Jones had a legal obligation to repay. The mere fact that the balance of Jones' indebtedness still owed at Dr. White's death would be deducted from Jones' share of his father's estate, is not sufficient to convert what would otherwise be a valid loan into an advancement.

■ Under the facts of this case, the trial court did not err in finding that the note and mortgage executed on December 4, 1959, were made in good faith to secure a pre-existing obligation which Jones White owed Dr. White, and in further finding that the mortgage did not constitute a fraudulent conveyance as to plaintiff.

Our determination that the trial court correctly refused to set aside the mortgage renders any discussion on whether Jones

**8.** Billings v. Parsons, 17 Utah 22, 53 P. 730.

**9.** 74–4–20, U.C.A.1953.

would have had an equity which was subject to execution had the mortgage been declared void unnecessary.

Judgment affirmed. Costs awarded to defendants.

WADE, C. J., and HENRIOD, McDONOUGH, and CROCKETT, JJ., concur.