394 P.2d 385

**Mary J. ABRAHAM, Plaintiff and Respondent,**

v.

**Rue ABRAHAM and Gloria Abraham, husband and wife, Defendants,**

**Grant Shaw and Ila May Shaw, husband and wife, Defendants and Appellants.**

No. 10014.

Supreme Court of Utah.

July 29, 1964.

Dwight L. King, Salt Lake City, for defendants and appellants.

Olsen & Chamberlain, Richfield, for respondent.

CALLISTER, Justice.

This is an appeal by the defendants, Grant and Ila May Shaw, from a decree of foreclosure which granted the respondent, Mary Abraham, a prior right to proceeds from the sale of real property in the amount of $8,506.00 and the appellants any excess over that amount. The trial court determined that the respondent had a prior mortgage on the real property which was superior to the mortgage of the Shaws.

The appellants contend that there was an inadequate consideration to support the

first mortgage, and therefore, their security interest has priority, and the decree of foreclosure must be reversed.

Grant and Ila May Shaw entered into a contract whereby they agreed to sell to Rue and Gloria Abraham the property which is the subject matter of the foreclosure proceeding. The contract stated that the property would be conveyed to Rue and Gloria Abraham, the purchasers, who would place a first mortgage on the property for $5,850.00 in favor of Mary J. Abraham, who is Rue's mother. The agreement further provided that a second mortgage would be granted to the vendors, the Shaws, in the sum of $5,000.00.

The parties to this dispute agree that the promissory note, negotiable in form, and mortgage that secured it were executed contemporaneously and in consideration of an antecedent indebtedness to Mary Abraham of $5,500.00 and for $350.00 cash. The appellants concede that $350.00 of the secured debt has priority over their claim, and the sole point raised in this appeal is whether the antecedent indebtedness constitutes adequate consideration to support the note and mortgage.

"Where a note and mortgage to secure it are executed contemporaneously and as part of the same transaction, the consideration sustaining the note will sustain the mortgage."[1]

Section 44–1–26, U.C.A.1953 establishes a statutory standard to determine the consideration that will support a negotiable instrument; it states:

"Consideration, what constitutes.— Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value and is deemed such, whether the instrument is payable on demand or at a future time."

Glen on Mortgages[2] states:

"If, then, the debtor secures his antecedent indebtedness by executing a negotiable note and securing it by mortgage, * * * the creditor holds the security free from latent equities, for he is a bona fide purchaser within the law of commercial paper."

Under the facts of this case, in addition to the pre-existing debt, the mortgagee advanced an additional amount of cash.

"A note and mortgage as additional security for a preexisting debt and for an additional advance of money are on a valuable consideration."[3]

Furthermore, under the authority of a recent Utah case, "if a mortgage and note are given by a debtor to secure his bona fide pre-existing debts, which are not of

1. 59 C.J.S. Mortgages § 90a, p. 135.
2. Vol. 3, Section 383.2, p. 1566.

3. 59 C.J.S. Mortgages § 91, p. 137.

an unreasonably small proportion of the mortgage, the conveyance will be upheld."[4]

Under the circumstances of this case, the determination of the trial court that the mortgage and underlying note granted to Mary J. Abraham was supported by adequate consideration is affirmed. Costs to respondent.

HENRIOD, C. J., and CROCKETT and WADE, JJ., concur.

McDONOUGH, J., concurs in the result.

4. Bowman v. White, 13 Utah 2d 173, 369 P.2d 962 (1962).