Carylee T. CIRAULO, Plaintiff
and Respondent,

v.

Benjamin R. CIRAULO, Defendant
and Appellant,

and

State of Utah, by and through Utah
State Department of Social
Service, Intervenor.

No. 14767.

Supreme Court of Utah.

March 10, 1978.

---

1. *Palombi v. D & C Builders,* 22 Utah 2d 297, 452 P.2d 325 (1969).

Rod P. Dixon, Salt Lake City, for defendant and appellant.

Walter R. Ellett, Salt Lake City, for plaintiff and respondent.

Robert B. Hansen, Atty. Gen., Salt Lake City, for intervenor.

CROCKETT, Justice:

In proceedings supplemental to a divorce plaintiff Carylee T. Ciraulo brought this action seeking: (1) arrears in support money, (2) an increase in child support, and (3) award of equity in a home in Granger, Utah, which the parties had purchased while they were living together following their divorce.

Department of Social Services intervened seeking reimbursement from each party for amounts illegally obtained as welfare and child support benefits. Based on a stipulation of facts, a compromise was arrived at whereby a judgment was entered in favor of the intervenor Social Services for reimbursement from the plaintiff Carylee for $1,200 and against the defendant Benjamin for $1,600. The details of that stipulation are not pertinent here, because those judgments are not involved in this appeal.

The Ciraulo's were divorced in December 1968. Custody of their three children Benjamin (born August 31, 1964), Mark (born December 3, 1966) and Samuel (born April 12, 1968) was awarded to the plaintiff, together with $160 a month for their support. At that time the defendant was earning $700 per month.

In 1969, the plaintiff moved to Utah and sometime thereafter the defendant followed. They began living together in April 1970, but separated in September 1970. On January 1, 1971, the plaintiff began receiving welfare benefits. About three months later, the plaintiff and defendant reunited and, except for brief separations, they continued to live together as a family until January, 1974. During the time the parties were living together, in 1972, the parties purchased the home. Its value is stated to be $30,000, with a mortgage balance of $21,000, which leaves an equity of about $9,000.

After their separation the plaintiff brought this action in our district court to enforce the provisions of the California decree, and for modifications thereof due to changed circumstances, and for further disposition of property, particularly the family

home referred to.[1] At the time of this hearing it appeared that the defendant's monthly income had increased from the $700 per month at the time of the divorce to $1,200 per month. Upon the basis of change in circumstances the court ordered an increase in child support from $160 to $200 per month. About this neither party complains.

The matter of major concern in this case is the dispute between the parties as to the defendant's failure to make child support payments and the amount of his delinquencies; and the defendant's contention that he is entitled to and should be awarded $4,500, representing one half of the estimated equity in the home. The plaintiff's version of the evidence was that the amount of support money unpaid by defendant was $13,250. Whereas the defendant's version is that, during the three-plus years they lived together after the divorce, he spent approximately $30,000 for the support of the plaintiff and his children. However, no records were kept as to the amount he actually paid. His claim is based on his own testimony as to his income during that period and on his assumption that it was all paid for support of the plaintiff and the children. The difficulty with the defendant's argument is that the trial court was not persuaded to accept his position, nor his version of the evidence. Anyone who has any acquaintance with family living will empathize with the view of the trial court that the defendant's position is impractical and unrealistic.

The trial court's findings recite:

. . . there were periods of time during their marriage when the defendant failed to make any payments to the support of the plaintiff and the minor children, that amount being disputed by both parties.

They further state that:

. . . it is in the best interests of all parties that *no award be made to the plaintiff on back support owing* from the defendant to the plaintiff, and it is further reasonable and proper that the court award to the plaintiff *in lieu of any such claims the equity* that the parties have *in said real property* and that therefore the real property should *be awarded to the plaintiff,* free and clear of any claim of the defendant, and subject only to the outstanding indebtedness thereon. [Emphasis added.]

Defendant also makes the argument that because intervenor Social Services has taken a judgment for $1,600 against him for reimbursement for support of his children, the plaintiff should not be entitled to a judgment for that same child support. If the defendant had in fact paid that $1,600, he should indeed have credit for doing so, and should not be subjected to a judgment in favor of plaintiff for that same child support. However, it does not appear that he has paid the $1,600. Moreover, even if it should be assumed that he had, the trial court would still be justified in his view that the defendant owed more back support money than the $4,500 value of the equity in the home which he is attempting to obtain.

In view of the total circumstances shown by the evidence we see nothing to persuade us that the findings and judgment of the trial court, which included the award of the home to the plaintiff so she would have the benefit and use thereof in providing for the children, was anything other than fair, reasonable and equitable, and well within the comparatively wide latitude of discretion that we have always recognized the trial court should have in such matters.[2] In

---

1. That she could properly so proceed and invoke the jurisdiction of our district court which, under the principle of full faith and credit, could then enforce, modify or otherwise act upon the decree the same as the California court which issued it, see *Scott v. Scott,* 19 Utah 2d 267, 430 P.2d 580; *Baggs v. Anderson,* Utah, 528 P.2d 141 (1974).

2. *Mitchell v. Mitchell,* Utah, 527 P.2d 1359 (1974); *Hansen v. Hansen,* Utah, 537 P.2d 491 (1975).

conformity with the standard rule of deference to the prerogatives of the trial court, we abide by our traditional reluctance to upset his findings and judgment.[3]

Affirmed. Costs to plaintiff (respondent).

ELLETT, C. J., and WILKINS and HALL, JJ., concur.

MAUGHAN, J., concurs in result.

---

3. *Pearson v. Pearson,* Utah, 561 P.2d 1080 (1977); *Naylor v. Naylor,* Utah, 563 P.2d 184 (1977).