ROAD RUNNER INN, INC., and Harold M. Smithson, Plaintiffs and Appellants,

v.

Douglas C. MERRILL and Colleen B. Merrill, Defendants and Respondents.

No. 16374.

Supreme Court of Utah.

Jan. 15, 1980.

W. Walden Lloyd, of Nielsen, Henriod, Gottfredson & Peck, Salt Lake City, for plaintiff and appellants.

Roger S. Blaylock, Salt Lake City, for Douglas Merrill.

Dale R. Kent, Salt Lake City, for Colleen Merrill.

CROCKETT, Chief Justice:

Plaintiffs appeal from the district court's denial of its petition to set aside as fraudulent a conveyance of real property from defendant Douglas C. Merrill to his wife defendant Colleen B. Merrill.

---

On March 17, 1975, plaintiffs executed a contract with Mr. Merrill whereby the latter agreed to construct a building at 5860 West 3300 South in Salt Lake City. In connection with that construction Merrill obtained supplies and services from material men and subcontractors upon which liens of $28,300 were filed for balances due. The trial court entered judgment in favor of the plaintiffs and against Douglas C. Merrill for that amount. On this appeal no attack is made relating to that judgment. But as an adjunct to the action, plaintiffs sought to have set aside defendant Douglas Merrill's conveyance of the family home to his wife. The trial court rejected their contentions and they appeal.

On February 27, 1976, defendant Colleen Merrill filed a divorce action against Douglas Merrill. Pursuant to negotiations therein, on April 12, 1976, the parties entered into a property settlement agreement, in conformity with which the divorce decree awarded the family home at 2341 Neffs Lane in Salt Lake City to Mrs. Merrill. In performance thereof, on that date Douglas executed a quit-claim deed to Colleen.

It is not open to question, and the trial court found, that at the time of this conveyance Douglas Merrill owed the above stated obligation to the plaintiffs; and that at the time of the conveyance he had less than $1,000 in assets available to plaintiffs and other creditors.

In urging the setting aside of the conveyance, plaintiff places reliance on the fraudulent conveyance act, specifically Sec. 25–1–4, U.C.A. 1953:

Conveyances by insolvent.—Every conveyance made, and every obligation incurred, by a person who is, or will be thereby rendered, insolvent is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration.

The trial court's treatment of the plaintiffs' contention is stated in its conclusion of law No. 5

The transfer . . . of the home . . at 2341 Neff Lane, Salt Lake City, Utah, to the Defendant, Colleen B. Merrill . . being part of the settlement of the divorce action between the grantor and grantee, was for a fair consideration.

and No. 6

The said transfer . . . of the home . . . to Defendant, Colleen B. Merrill, was not a fraudulent conveyance.

The direct focus of plaintiffs' argument and therefore the issue of critical concern herein is that the trial court was not justified in drawing those conclusions. Preliminarily, their point is to be conceded that where one who is insolvent (or nearly so) and unable to pay his creditors makes a conveyance to a member of his family the conveyance should be carefully scrutinized.[1] Nevertheless, in the absence of any connivance of deception in doing so, the fact that a person is in financial straits, or even broke, should not totally disable him from dealing in a fair and forthright manner with his other essential responsibilities, particularly with his obligations to support his family.

The essence of fraud is the use of deception in order to cheat another out of something of value he is entitled to. The purpose of Section 25–1–4 quoted above, upon which the plaintiffs rely, is to facilitate the proof of fraud, but it is not to create a cause of action for fraud where it is plainly evident that there is no such deception or cheating.

Sparing any extended detail, the essential facts upon which the trial court predicated its decision are: that Douglas Merrill and his wife Colleen had been married for 20 years and had two dependent children. They had jointly participated in working and earning support for the family and in the acquisition of and the building of the home in question. It is further significant that there was nothing secretive or decep-

---

1. That such conveyances between relatives are subject to rigid scrutiny, but that that fact alone does not render the conveyance fraudu-
lent, see *Ned J. Bowman Co. v. White*, 13 Utah 2d 173, 369 P.2d 962; *Peterson v. Peterson*, 112 Utah 554, 190 P.2d 135.

tive about this conveyance. It was an open and above board agreement, in response both to the past consideration of Colleen's contribution in the creation of the asset, and to the present and future responsibility of Douglas to provide for her, and more importantly, for their children.

Quite independent of the fact that Douglas owed the plaintiffs an obligation, there is no question but that in the divorce action, the trial court could exercise its discretion in dealing with the rights, duties and assets of the parties in making the best possible arrangement for the welfare of the parties and their children. Though that discretion is not subject to collateral review in this action, we observe aside, that we see no reason to disagree with the wisdom or propriety of the court awarding the home to Colleen for that purpose.[2]

Further to be considered in conjunction with the foregoing, and in support of the trial court's conclusion, are the following facts concerning Douglas Merrill's interest in the home. The home was valued at $38,000. But there was over $28,000 in mortgages and liens against it. This left an equity of $10,000, of which Douglas would own only one half. Insofar as plaintiffs'

rights to reach any equity Douglas Merrill owned in the property, if there had been no divorce and settlement therein, consideration would have had to have been given to his right of homestead: $4,000 as the head of a family, $1,500 for his spouse, plus $1,200 for the two children, a total of $6,700,[3] thus substantially in excess of any equity he owned in the home anyway.

For the reasons hereinabove set forth, it is our opinion that the trial court was justified in refusing to find that the conveyance had been made without a fair consideration and in fraud of the plaintiffs.

Affirmed. Costs to defendant (respondent).

MAUGHAN, HALL and STEWART, JJ., concur.

WILKINS, Justice (concurring).

I concur that the District Court was justified in concluding that fair consideration was present here.

---

**2.** That such a provision is well advised in appropriate circumstances see *Ciraulo v. Ciraulo,* Utah, 576 P.2d 884.

**3.** See Sec. 28–1–1 et seq., U.C.A.1953. These amounts are increased by Ch. 121, Sec. 1 S.L.U. 1977.