Lola M. MITCHELL, Plaintiff and Respondent,

v.

Gary A. MITCHELL, Defendant and Appellant.

No. 16137.

Supreme Court of Utah.

April 21, 1980.

Stephen W. Farr, Ogden, for defendant and appellant.

C. DeMont Judd, Jr., Ogden, for plaintiff and respondent.

HALL, Justice:

Defendant appeals from a post-divorce order of the district court of Weber County, Utah, which placed a *lis pendens* and a conservatorship on certain real property situate in Davis County, Utah.

Plaintiff and defendant were divorced in 1976. The decree of divorce provided for, *inter alia*, an equitable distribution of property. Subsequently, on September 13, 1977, the court modified the decree to include a judgment in favor of plaintiff and against defendant in the sum of $20,000. In June of 1978, defendant sought and obtained an Order to Show Cause seeking a change in child custody and the same was set for hearing on August 31, 1978. On or about August 15, 1978, counsel for defendant withdrew, based upon word from defendant that he had left the state (with the minor children of the parties) and no longer required the services of an attorney. This prompted plaintiff to seek ex parte relief in the form of a *lis pendens* and conservatorship to insure the return of the minor children, payment of future child support, and the $20,000 judgment.

Pursuant to plaintiff's affidavit and motion, the court, on August 17, 1978, entered a temporary order authorizing *lis pendens* and conservatorship, but scheduled the matter for further hearing on August 31, 1978, the day previously scheduled for the hearing of defendant's motion as to child custody. When defendant failed to appear in person, or by counsel, the court made permanent its order of *lis pendens* and conservatorship and accordingly signed its written order dated September 15, 1978. Promptly thereafter, defendant appeared by counsel who sought and obtained a hearing for "reconsideration" of the order.[1] The matter was thereupon reviewed by the court and

---

1. A motion to reconsider is not generally available in this jurisdiction. *Peay v. Peay*, Utah, 607 P.2d 841 (1980).

defendant was afforded full opportunity to be heard. The court declined to alter its prior order, hence this appeal.

Defendant raises only two basic points on appeal: (1) he challenges the propriety of *lis pendens* and conservatorship; and (2) he asserts that in granting such relief *ex parte* the court denied him due process.

We observe that plaintiff's brief makes reference to a quit-claim deed [2] which purportedly conveyed the Davis County realty to defendant's brother. The deed itself is not part of the record and its legal significance, if any it has, was not determined by the court below.[3] In any event, defendant does not urge its validity upon this appeal. In fact, he makes no mention of it whatsoever, either in his brief or by way of oral argument. Consequently, we do not treat it as an issue here.

■ However improvident it may have been for plaintiff to seek, and for the court to authorize, the use of *lis pendens*,[4] we are not persuaded it constitutes reversible error in this case.

Plaintiff's $20,000 judgment became a lien upon any and all of defendant's interests in real property in Weber County, and had plaintiff seen fit to docket a transcript of said judgment in Davis County she could have perfected a similar lien on the property in question.[5] Thus it is to be seen that plaintiff had a far more effective remedy available to her than that of *lis pendens*, and in the absence of a showing that defendant was prejudiced by its use, the highly equitable nature of this proceeding prompts affirmance of the trial court's action.

■ In regard to the order establishing a conservatorship of the Davis County realty, its propriety is to be viewed in light of the plaintiff's obvious need of further assistance from the court. Defendant was in apparent violation of the prior orders of the court in that he had failed to meet his child support obligation; had deprived plaintiff of custody of the minor children by removing them from the jurisdiction; and had apparently left the Davis County rental property unattended and subject to waste. Given those circumstances, we deem the action of the trial court to be well within the bounds of its continuing jurisdiction in such matters.[6]

■ Defendant's claim of lack of notice, and hence a denial of due process, is also without merit for the simple reason that the court had *in rem* jurisdiction over the property and proceeded to exercise it in the absence of the defendant who had seen fit to keep his whereabouts unknown. Such action is also in all respects consistent with the continuing jurisdiction of the court in domestic matters.[7] Furthermore, at the time of the initial order of the court (dated August 17, 1978), an Order to Show Cause previously obtained by defendant was awaiting hearing. As an apparent consequence, said initial order was made *temporary* only and continued for further hearing on August 31, 1978, the same date set for the hearing of defendant's Order to Show Cause. When defendant failed to appear in person or by counsel *for his own requested hearing*, the court made permanent its order of *lis pendens* and conservatorship and accordingly signed its written order dated September 15, 1978. Promptly thereafter, defendant *personally* appeared by counsel

---

2. At the time of the recording of the *lis pendens* the quit claim deed remained unrecorded.

3. That conveyances between close relatives are subject to rigid scrutiny, see *Ned J. Bowman Co. v. White*, 13 Utah 2d 173, 369 P.2d 962 (1962); that the true facts pertaining to transactions between close relatives are subject to proof, see *Givan v. Lambeth*, 10 Utah 2d 287, 351 P.2d 959 (1960); see also, U.C.A., 1953, 25–1–1, et seq.

4. U.C.A., 1953, 78–40–2 affords the remedy of *lis pendens* in a proper case without the necessity of court approval.

5. U.C.A., 1953, 78–22–1. It is also of note that, although the court had previously awarded the Davis County property to defendant, plaintiff remained the *record joint-owner*, along with defendant.

6. U.C.A., 1953, 30–3–5.

7. Id.

and sought and obtained a hearing for "reconsideration" of the order. The matter was thereupon duly presented to the court and defendant was afforded full opportunity to be heard. The fact that the court did not see fit to alter its prior order, after full hearing, is a proper exercise of discretion and not a deprivation of due process.

Affirmed. Costs awarded to plaintiff.

MAUGHAN, J., concur.

CROCKETT, Chief Justice (concurring with comments):

I concur with the main opinion which treats the issues raised in a commendably concise and effective manner. Regrettably, however, I do not subscribe to the statement, "However improvident it may have been for plaintiff to seek, and for the court to authorize, the use of lis pendens . . ." This statement may be understood as indicating that the procedure was improper and should not be used. Though it may be true that the plaintiff did not need court approval, and that she had other remedies such as docketing the judgment in Davis County, I see nothing necessarily "improvident" in pursuing alternative remedies if she so desired.

STEWART, Justice (dissenting):

I dissent.

I find no supportable legal basis whatsoever for the result reached by the majority. The majority opinion, in my view, violates fundamental statutory and constitutional principles to reach a particular result which, at least on the face of it, seems to right a wrong done the plaintiff. To modify slightly an old legal saw, hard cases on the facts make bad law. The plaintiff has adequate remedies; this case hardly warrants a modification of basic principles of law, let alone a substantial departure from them. Defendant has failed to meet court-ordered support obligations and has left the jurisdiction of this State. That conduct may be worthy of condemnation, but the law provides remedies to deal with the problem which were not asserted in this case and which would have protected the rights of all parties involved.

Plaintiff understandably looks to her former husband's assets to secure the payment of past-due support and alimony payments. In this jurisdiction alimony and support payments become debts as they accrue. *Larsen v. Larsen*, Utah, 561 P.2d 1077 (1977). Plaintiff has the legal remedy of reducing the arrearages to judgment and executing on any of defendant's property in the county where the judgment is rendered and in those counties where the judgment has been docketed. Plaintiff did not docket a judgment against defendant in any county. Therefore, only the judgment against the defendant could constitute a lien against any of defendant's property, and then only that located in Weber County where the judgment was rendered. It is, of course, plaintiff's burden to establish liens on properties located in counties other than where the judgment is rendered, and it is plaintiff's further duty to establish that the property she looks to for satisfaction is in fact her husband's. It is a simple truism that her right to utilize the remedy asserted in this case depends upon her affirmatively demonstrating compliance with the necessary conditions upon which such a remedy is predicated. Plaintiff has not done this.

The misapplication of legal principles in this case began with the trial court appointing a conservator to collect rents and profits from what at one time had been defendant's property in Davis County. When faced with defendant's claim that there had been no compliance with §§ 75–5–401 *et seq.*, Utah Code Ann. (1953), as amended, providing for the appointment of a conservator, with respect to the Davis County property, the plaintiff changed ground, in recognition that the facts in this case clearly do not justify the appointment of conservator.

Plaintiff now argues that it was a receiver—not a conservator—that was appointed as permitted by Rule 66. Utah Rules of Civil Procedure. Nevertheless, the effort to reach the rents from the Davis County property cannot be sustained, whether ef-

fectuated through a conservator or a receiver because plaintiff has failed to prove that the Davis County property belongs to defendant and, indeed, the record is uncontradicted that title to that property is not in the defendant. The majority deals with the issue by stating that the deed to the brother is not in the record. But that begs the essential issue. It is plaintiff's burden to show that the property from which she claims rents and profits is owned by her ex-husband. She certainly is not entitled to rents and profits from the property owned by a third person.

On August 17 and 31 the trial court ordered that a lis pendens be placed against the Davis County property and that all proceeds be paid to the clerk of Weber County. However, the property in Davis County had been conveyed to defendant's brother on July 18, 1978, *prior* to the hearing and order on the "conservatorship." There is no evidence in this case whatsoever that the transfer was not bona fide and for full consideration or even that the transferee knew of his brother's obligations. In short, the plaintiff has succeeded in having a receiver appointed to collect rents and profits from property not belonging to the defendant and without notice to the legal owner. I find that proposition to constitute a clear denial of due process of law.

Clearly the validity of the transfer of the property was not dependent on the deed being recorded, as the majority seems to suggest. It is axiomatic that the recording act protects bona fide purchasers for value against prior unrecorded conveyances. It adjusts priorities between purchasers, but it does not act to validate a conveyance. A conveyance between two parties is valid as between them, even though the deed is not recorded. If courts can justify a strategem that permits a person to have a receiver appointed as to property not owned by a party litigant, no property owner is safe.

A lis pendens was filed in Davis County *after the date of conveyance* and before the imposition of the receivership. The sole purpose of a lis pendens is to give notice of a pending proceeding affecting the title to a particular parcel of property. Section 78–40–2, Utah Code Ann. (1953), as amended; *Hidden Meadows Development Co. v. Mills*, Utah, 590 P.2d 1244 (1979). No action had been filed at the time of filing the lis pendens, nor, as far as we know, has been filed to date. The lis pendens was simply of no effect as to the Davis County property because no action was filed and because it was filed after the conveyance in any event.

If, as may be the case, the conveyance to defendant's brother was made to hinder or defraud plaintiff as a creditor of defendant, plaintiff may seek remedies provided under the fraudulent conveyance statutory provisions, §§ 25–1–1 to 16. A receivership of property which is the subject of such a proceeding is authorized by § 25–1–16 and may provide the protection sought by plaintiff, but that procedure was not pursued in this case.

It is simply a non sequitor for the majority to state that because plaintiff could have perfected a lien on the Davis County property by docketing the Weber County judgment in Davis County—something she did not do—she is therefore entitled to imposition of a receivership on property located in Davis County which was not owned by the defendant—a fact totally uncontested in this case. That result is justified by the majority solely on the unprecedented tour de force that the "propriety" of the conservatorship is to "be viewed in light of the plaintiff's obvious need of further assistance from the court." That indeed is a strange and alarming basis for a court to rely upon to transfer property rights from one party to another [1] without even a semblance of compliance with due process of law. If that proposition were generalized, every person's property would be subject to whims of all unsatisfied creditors.

1. The Court appears to rely to some extent upon the fact that the title to the Davis County property was, as far as the land title records are concerned, still in defendant. That fact is totally irrelevant. In this case there is no question that defendant had quitclaimed the property to his brother before the lis pendens was filed in Davis County.

I would reverse the order of the court below.

WILKINS, J., concurs in the dissenting opinion of STEWART, J.

